IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IVIE LEE HARRIS, JR.                                                                                              PLAINTIFF

v.                                        Civil No. 1:13-CV-01023

SHERIFF DAVID NORWOOD;
JAMES BOLTON; DOUGLAS
WOOD; ANDREW TOLLESON;
and ANTHONY GRUMMER                                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff, Ivie Harris, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Dallas County Detention Center. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**I.        BACKGROUND**

Plaintiff filed his Complaint on March 7, 2013. ECF No. 1. At the time he filed his Complaint, Plaintiff was incarcerated in the Ouachita County Detention Center ("OCDC"). After reviewing his Complaint, the Court determined it would benefit from additional information and proffered a questionnaire to serve as an Addendum to Plaintiff's Complaint. Plaintiff completed

and filed his Addendum on May 30, 2013.  ECF No. 9.  In his Complaint and Addendum, Plaintiff alleges Defendants Sheriff Norwood, Lt. James Bolton, Jailer Doug Woods, Jailer Andrew Tolleson, Jailer Anthony Grummer,  and Officer Linsey of the OCDC denied him: medical care, medication, hygiene products, and a proper diet.  Additionally, Plaintiff makes an official capacity claim against Ouachita County based on its policy regarding medical care of inmates that are being housed at the OCDC but are technically inmates of Dallas County.  Plaintiff also complains of the conditions of confinement in the OCDC including the lack of tuberculosis testing and the housing of inmates with tuberculosis with those inmates without tuberculosis.

Further, Plaintiff makes many allegations regarding his incarceration in the Dallas County Detention Center.  Lastly, Plaintiff complains about a woman, named Ms. Cones, illegally filing taxes on his behalf, stealing his money, and illegally selling his truck without his permission.

**II.     DISCUSSION**

Pursuant to the screening provisions of the Prison Litigation Reform Act, I must determine whether the causes of action stated in the Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

    A.     <u>Jurisdiction</u>

Plaintiff makes several claims regarding his stay in the Dallas County Jail, and in his Addendum names the Dallas County Sheriff, Tommy Stringfellow, and a Dallas County Officer, Charlie Stills, as defendants in this matter.

Dallas County is located within the Eastern District of Arkansas and outside of this Court's jurisdiction. The federal venue statute provides that a case not based on diversity jurisdiction should be filed in the judicial district where "any defendant resides" or "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b). The events Plaintiff complains of with regard to his Dallas County Jail claims occurred in Dallas County. Accordingly, the Court concludes the interest of justice will best be served if Plaintiff's Dallas County Jail claims against Tommy Stringfellow and Charlie Stills be dismissed without prejudice so he can properly bring them in the Eastern District of Arkansas.[1]

B.  State actors

Plaintiff also makes several complaints against a Ms. Cones, his former girlfriend, for theft, illegally filing his taxes, and stealing his truck.

Section 1983 authorizes a private right of action against persons who, acting under color of state law, deprives the plaintiff of "any rights, privileges, or immunities secured by the Constitution . . .." *Moore v. City of Desloge*, 647 F.3d 841, 846 (8th Cir. 2011). To state a valid

---

[1] The Court notes that, on March 7, 2013, it transferred a separate case Plaintiff filed in this Court against Sheriff Tommy Stringfellow from Dallas County and a Charlie Steed from Fordyce Police Department (located in Dallas County) to the Eastern District of Arkansas. *See Harris v. Ford et. al,* Civil No. 1:13-cv-01022. Plaintiff also references his "Dallas County case" in his Addendum. ECF No. 9. Accordingly, severing and transferring Plaintiff's claims against Stringfellow and Stills (who is likely the same person as Steed) is unnecessary and would create duplicative cases in the Eastern District of Arkansas. If Plaintiff's Dallas County case does not already encompass the claims dismissed here, Plaintiff may seek to amend his Complaint in that case to add the claims.

claim under section 1983, the Plaintiff must show the actor was acting under color of state law when he allegedly violated the Plaintiff's constitutional rights.  *See West*, 487 U.S. at 48.  More simply, only a state actor can be held liable under section 1983.  *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001).  Ms. Cones is not a state actor, therefore, Plaintiff has failed to state a cognizable section 1983 claim against Ms. Cones.

Furthermore, Plaintiff appears to be seeking criminal action against Ms. Cones.  Section 1983 is a civil remedy and any criminal allegations fail to state a cognizable section 1983 claim.

### III.   CONCLUSION

Accordingly, I recommend Sheriff Tommy Stringfellow, Charlie Stills, and Ms. Cones be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). Plaintiffs official and individual capacity claims against David Norwood, James Bolton, Doug Woods, Andrew Tolleson, Anthony Grummer, and Officer Linsey remain.  The issue of service will be addressed by separate order.

**The Plaintiff has fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **20th day of July 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE