IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IVIE LEE HARRIS, JR.                                                                              PLAINTIFF

        v.                          Civil No. 1:13-CV-01023

SHERIFF DAVID NORWOOD;
JAMES BOLTON; DOUGLAS
WOOD; ANDREW TOLLESON;
ANTHONY GRUMMER; and
OFFICER LINDSEY                                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This is a civil rights action filed *pro se* by the Plaintiff, Ivie Harris, pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Arkansas Department of Correction North Central Unit ("ADC").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Defendants Motion for Summary Judgment. ECF No. 38. I held a hearing on September 16, 2015 at which time I heard Plaintiff's sworn testimony in response to this Motion for Summary Judgment. After careful consideration, the undersigned makes the following Report and Recommendation.

**1.   BACKGROUND**

Plaintiff filed his Complaint on March 7, 2013. ECF No. 1. At the time he filed his Complaint, Plaintiff was incarcerated in the Ouachita County Detention Center ("OCDC"). After reviewing his Complaint, the Court determined it would benefit from additional information and

proffered a questionnaire to serve as an Addendum to Plaintiff's Complaint. Plaintiff completed and filed his Addendum on May 30, 2013. ECF No. 9. In his Complaint and Addendum, Plaintiff alleges Defendants Sheriff Norwood, Lt. James Bolton, Jailer Doug Woods, Jailer Andrew Tolleson, Jailer Anthony Grummer, and Officer Lindsey of the OCDC violated his constitutional rights. Plaintiff claims (1) he was denied medical and mental health care; (2) denied medication; (3) denied an adequate diet; (4) denied hygiene products; (5) denied proper tuberculosis screenings and precautions; (6) denied mental health medication and over the counter medications; (7) served pork even though he is a "pork free person;" (8) his legal mail was opened outside of his presence; and (9) a 309 inmate served as intake officer at the OCDC. Finally, Plaintiff makes an official capacity claim against Ouachita County based on its policy regarding the medical care of Dallas County inmates that are being housed at the OCDC. ECF Nos. 1, 9.

As relief Plaintiff requested:

> I pray that I be allowed to go to my follow up appointment concerning my brain [surgery] and be allowed to get my medicine, as well as be removed from this facility to one that has a nurse on staff and that will assist me with my medical needs, also that no one else has to be subject to this torture and cruel inhuman treatment or punishment.

ECF No. 1, p. 5.

Defendants filed a Motion for Summary Judgment on June 5, 2015. The Court held a hearing on the Motion for Summary Judgment on September 16, 2015. At this hearing, Plaintiff provided sworn testimony as his response to Defendants' Motion for Summary Judgment. Plaintiff did not testify as to any of his damages or relief requested.

**2.  DISCUSSION**

Defendants argue there are no genuine issues of material fact regarding Plaintiff's claims.

Specifically, Defendants argue: (1) Plaintiff failed to allege any personal involvement of Defendant Norwood and Defendant Bolton, thus, they should be dismissed; (2) Defendants Wood, Tolleson, Grummer, and Lindsey are all entitled to qualified immunity; (3) Plaintiff failed to provide any facts indicating any Defendant was deliberately indifferent to his medical needs; (4) Plaintiff failed to allege any physical injury; (5) Plaintiff failed to state a claim regarding his conditions of confinement claims; and (6) Plaintiff failed to state an official capacity claim.[1]

As an initial matter, I must address whether the Court may even rule on Defendants' Motion for Summary Judgment. *See Church of Scientology v. United States,* 506 U.S. 9, 12 (1992) (A federal court has no authority to issue opinions on moot questions of law). Plaintiff has not requested any damages or monetary compensation. Instead, Plaintiff only requests injunctive relief including the following: (1) that he be taken to his follow-up appointment, (2) that he be given his medication, (3) that he be removed from the OCDC, and (4) that no one else has to be subjected to the same cruel and unusual circumstances. Plaintiff's transfer from the OCDC back to Dallas County and then on to the ADC rendered his requests for injunctive relief moot. *See Dulany v. Carnahan,* 132 F.3d 1234, 1239 (8th Cir. 1997) (release from the institution in which the injunctive relief is sought against moots the request for injunctive relief). *See also Smith v. Hundley*, 190 F.3d 852, 855 (8th Cir. 1999) (holding an inmate's First Amendment claims regarding denial of items to perform religious practices moot once he was transferred from one state penitentiary facility to another state penitentiary facility); *Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985) (holding an inmate's claims regarding prison conditions moot once the inmate was transferred and no longer subject to those conditions). Therefore, Plaintiff's Complaint should

---

[1] Defendants did not move to dismiss Plaintiff's 309, legal mail or pork-free meal claim.

be dismissed as moot. *See Church of Scientology,* 506 U.S. at 12.

Furthermore, Plaintiff no longer has standing to seek injunctive relief against Defendants when he is no longer incarcerated in the OCDC. "Standing to seek injunctive relief requires a plaintiff, inter alia, to show a likelihood of a future injury." *Meuir v. Green County Jail Employees*, 487 F.3d 115, 1119 (8th Cir. 2007) (holding a prisoner, that changed custodial placement from the county jail to the state penitentiary, lacks standing to seek injunctive relief against the county's dental treatment policies). Accordingly, Plaintiff is not entitled to injunctive relief.

Because Plaintiff fails to make any other requests for relief and his injunctive relief requests are moot, the Court has no authority to rule on Defendants' Motion for Summary Judgment. *See Church of Scientology,* 506 U.S. at 12.

### 3. CONCLUSION

Accordingly, I recommend Plaintiff's Complaint and Addendum be **DISMISSED** as moot and that Plaintiff be advised that he may reassert his claims with a more appropriate relief request.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **18th day of November 2015**.

　　　　　　　　　　　　　　　　　　/s/ Barry A. Bryant  
　　　　　　　　　　　　　　　　　　HON. BARRY A. BRYANT  
　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE