IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

IVIE LEE HARRIS, JR.                                                                    PLAINTIFF

V.                               CASE NO. 1:13-CV-01023

SHERIFF DAVID NORWOOD;
JAMES BOLTON; DOUGLAS
WOOD; ANDREW TOLLESON;
ANTHONY GRUMMER; and
OFFICER LINDSEY                                                                         DEFENDANTS

**ORDER**

Before the Court is Plaintiff's failure to keep the Court informed of his current address. Plaintiff filed this 42 U.S.C. § 1983 action *pro se* on March 7, 2013. ECF No. 1. On May 17, 2017, the Clerk mailed Plaintiff a Final Scheduling Order (ECF No. 72) notifying Plaintiff that trial had been set for the week of February 12, 2018, in El Dorado, Arkansas. The Order was sent to Plaintiff at his address of record—303 Broadway Street, Fordyce, AR 71742—but was returned as undeliverable on June 1, 2017. On June 7, 2017, the Court issued to Plaintiff an order to show cause why he had failed to inform the court of his current address. ECF No. 75. On June 20, 2017, the show-cause order sent to Plaintiff at his address of record was returned as undeliverable indicating that he was no longer there. ECF No. 76. Plaintiff's last communication with the Court was on January 4, 2017. ECF No. 69.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Local Rule 5.5(c)(2) states in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without

prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. FED. R. CIV. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey,* 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his current address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 10th day of July, 2017.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge